1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11   WRITERS GUILD OF AMERICA,    )   CV 14-5828 RSWL (DTBx)
     WEST, INC; MARK DISTEFANO;   )
12   and GUINEVERE TURNER         )   **ORDER Re: MOTION TO**
                                  )   **CONFIRM ARBITRATION**
13                   Plaintiffs,  )   **AWARD AND REQUEST FOR**
                                  )   **JUDGMENT** [17]
14            v.                  )
                                  )
15   BTG PRODUCTIONS, LLC         )
                                  )
16                   Defendant.   )
                                  )
17   ——————————————————————————————)

18       Plaintiffs Writers Guild of America, West, Inc.,

19   Mark Distefano, and Guinevere Turner ("Plaintiffs")

20   have filed this Motion to Confirm Arbitration Award and

21   Request for Judgment against Defendant BTG Productions,

22   LLC ("Defendant").  The Court, having reviewed all

23   papers submitted pertaining to this Motion and having

24   considered all arguments presented to the Court, **NOW**

25   **FINDS AND RULES AS FOLLOWS:**

26           **I.  CONFIRMATION OF ARBITRATION AWARD**

27       Section 301 of the Labor Management Relations Act,

28   29 U.S.C. § 185, confers upon a court jurisdiction to

vacate or enforce compliance with an arbitration award
for breaches of collective bargaining agreements.  See
Kemner v. Dist. Council of Painting & Allied Trades No.
36, 768 F.2d 1115, 1118 (9th Cir. 1985).  "Federal
courts should not review the merits of arbitration
awards, but rather should merely determine whether the
parties agreed to arbitrate the dispute and to give the
arbitrator the power to provide for his award."
Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local
752, Int'l Bhd. of Teamsters, 989 F.2d 1077, 1080 (9th
Cir. 1993).  Thus, in disputing an arbitration award of
a dispute governed by a collective bargaining
agreement, [t]he party contesting arbitrability bears
the burden of demonstrating how the language in the
collective bargaining agreement excludes a particular
dispute from arbitration.  Id.

Here, Plaintiffs have alleged that their dispute is
governed by a collective bargaining agreement–
specifically, the Minimum Basic Agreements ("MBA").
See Mot. 3:24-28.  Plaintiffs have alleged that
Defendant agreed to be a party to the MBA pursuant to
agreements that it filed with the Writers Guild of
America.  Id. at 3:26-38.  According to the MBA,
disputes over failure to pay compensation due to
writers and contribution on behalf of writers must be
submitted to arbitration.  Decl. of Heather Pearson,
Exh. B.  Plaintiffs have alleged that this is a dispute
over Defendant's failure to pay Plaintiffs DiStefano

1   and Turner due compensation and contribution to

2   benefits programs.   Further, Defendant, who has the

3   burden of demonstrating how the language of the

4   agreement excludes this type of dispute from

5   arbitration, has not appeared in this action.

6   Accordingly, the Court confirms the award of the

7   Arbitrator in Plaintiffs' favor.

8

9                  **II.   REQUEST FOR DEFAULT JUDGMENT**

10        Plaintiff's Motion for Default Judgment is hereby

11  **GRANTED.**   Procedurally, Plaintiffs have met all the

12  requirements for entry of default judgment.   Default

13  was entered as to Defendant on September 12, 2014 for

14  failure to plead or otherwise defendant against the

15  Complaint.   Plaintiffs have averred that Defendant is

16  neither an infant nor an incompetent person, and that

17  the Servicemembers Civil Relief Act does not apply.

18  Decl. of Heather Pearson ¶ 6 (c),(d).   Finally, notice

19  of the default was served on Defendant.   <u>Id.</u>, Exh. F.

20        Furthermore, the Court finds that the substantive

21  factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470

22  (9th Cir. 1986) weigh in favor of granting default

23  judgment. Plaintiffs will be prejudiced if they have no

24  way of enforcing the arbitration award.   The merits and

25  sufficiency of the claims have already been determined

26  by the Arbitrator.   The sum is substantial-over

27  $300,000-and results from Defendant's refusal to pay

28  compensation owed.   Defendant has had multiple

                                  3

1   opportunities to defend itself and has chosen not to

2   appear.   Finally, because entry of default leads to the

3   presumption that Plaintiffs' allegations are true, and

4   because Defendant has not appeared, there is no dispute

5   as to material facts.   Accordingly, the factors weigh

6   in favor of granting default judgment.

7        **THEREFORE, IT IS ORDERED** that:

8        Plaintiffs' Motion to Confirm Arbitration Award is

9   **GRANTED** and Plaintiff's Request for Default Judgment is

10  **GRANTED.**

11       **IT IS SO ORDERED.**

12  DATED: February 2, 2015     RONALD S.W. LEW
                                _____
13                              **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28